UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Dina Hernandez, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-05-352 |
| | § | |
| Jo Ann Barnhart, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.      *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Ms. Hernandez is not disabled under the terms of the Social Security Act.  It does.

Ms. Hernandez brought this action for judicial review of the commissioner's final decision denying her claims for disability insurance benefits.  42 U.S.C. §§ 405(g), 416(i) and 423.  Both sides have moved for summary judgment.

2.      *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision.  *See Richardson v. Perales*, 402 U.S. 389 (1971).  In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail.  Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion.  This court may not independently weigh the evidence, try issues afresh, or

substitute its judgment for that of the secretary.  *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.    *The Statutory Criteria.*

The law establishes a two-part test for determining disability.  First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months.  42 U.S.C. § 423(d)(1)(A).  Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity.  42 U.S.C. § 423(d)(2)(A).

4.    *Background.*

The plaintiff, Dina Hernandez, is currently 43 years old.  Hernandez's work experience includes: hand packager, sorter, housekeeping cleaner, and office cleaner.  Hernandez said that she became disabled on March 1, 2000 due to pain in her back, neck, hips, legs, left arm and left shoulder.  Hernandez said that wrist pain is the most significant factor preventing her from working.

Hernandez has been examined by several doctors since March 1, 2000.  The examinations have revealed that Hernandez's pain interferes with her ability to work.

The hearing officer  reviewed the medical evaluations and found that Hernandez failed to meet the requirements for disability.

5.    *Application.*

It is clear from the medical reports that Hernandez's pain may result from Carpal Tunnel Syndrome.  Even assuming that Hernandez does suffer from Carpal Tunnel Syndrome, the medical results do not suggest that she is unable to do light work.

The examining physicians' reports  repeatedly said Hernandez's pain is mild to moderate.  Hernandez's treating physician, Jain, and the consulting physician, Albina, both  gave their opinions that Hernandez is capable of light-duty work.  The hearing officer reviewed these medical records and found that Hernandez is able to do light work.

This makes Hernandez ineligible for disability benefits.  People with only one hand are able to work, consequently someone with limited of one hand and full use of the other cannot be precluded from work.

6.      *Conclusion.*

The decision of the commissioner denying Hernandez's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed March 1, 2006, at Houston, Texas.


Lynn N. Hughes
United States District Judge